**E. P. LIPSCOMB & CO. v. ORDONEZ et al.**
**(No. 828–4524.)**

(Commission of Appeals of Texas, Section A.
June 16, 1926.)

Partnership ⊕⇒64.

Failure of firm to file certificate required under Acts 37th Leg. (1921) c. 73 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d; Vernon's Ann. Pen. Code Supp. 1922, art. 1007c), *held* not to preclude it from bringing action of trespass to try title to land purchased by it.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by E. P. Lipscomb & Co. against Mrs. Petra G. Ordonez and another. Judgment for defendant was affirmed by the Court of Civil Appeals (276 S. W. 955), and plaintiff brings error. Reversed and rendered.

Bruce W. Teagarden and E. P. Lipscomb, both of San Antonio, for plaintiff in error.

Dwyer & Russell and G. Woodson Morris, all of San Antonio, for defendants in error.

BISHOP, J. E. P. Lipscomb, doing business under the firm and partnership name of E. P. Lipscomb & Co., plaintiff in error, filed this suit in trespass to try title against defendants in error to recover the center part of lot I, or lot C, block 5, city block 333, on the north side of Concho street, in the city of San Antonio, and situated in Bexar county, Tex. Defendants in error Justo Ordonez, Petra Garcia Ordonez, and Regina Springer, answered by general denial, plea of not guilty, and by special answer alleged that E. P. Lipscomb and H. D. Archer were transacting business in the name of E. P. Lipscomb & Co., and had failed to comply with the requirements of the assumed name law, being Acts of the 37th Legislature, chapter 73, General Laws 1921 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½ to 5950½d; Vernon's Ann. Pen. Code Supp. 1922, art. 1007c).

The evidence shows that E. P. Lipscomb and Mrs. H. D. Archer were engaged in the business of buying land in Bexar county at public sale, under judgments foreclosing tax liens. While so engaged, they, on January 3, 1922, purchased the property involved in this suit at sheriff's sale by virtue of an order of sale for delinquent municipal taxes issued out of the Seventy-Third district court of said county, and deed was executed to E. P. Lipscomb & Co. purporting to convey the title of defendants in error. No certificate was filed in the office of the clerk of Bexar county setting forth the name under which the business was being conducted, and giving the names of the persons conducting the same as required by the provisions of chapter 73, Acts of the 37th Legislature. Mrs. H.

D. Archer thereafter withdrew from the firm and the business was being conducted by E. P. Lipscomb at the time of the trial in the district court.

Plaintiff in error was, by the judgment of the trial court, denied recovery, and this judgment was, by the Court of Civil Appeals, affirmed. The judgments of both courts are based on a holding that, as plaintiff in error was transacting business in an assumed name without filing the certificate required by the assumed name law, the contract of purchase of the lot was illegal, and for this reason the court should deny him recovery thereof. In the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W. 1036, we held that contracts made in the conduct of business in violation of the regulatory requirement to file the certificate are not void. This inhibition of the manner of conducting business does not evidence an intention on the part of the Legislature to close the doors of the courts to those violating it, and deny the right to maintain suits where the subject-matter is directly connected with the conduct of such business.

We recommend that the judgment of both courts be reversed, and judgment rendered for plaintiff in error.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.